J-S08040-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KEITH BROWN | |
| Appellant | No. 2406 EDA 2014 |

Appeal from the Judgment of Sentence March 26, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0007458-2013

BEFORE: DONOHUE, J., WECHT, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.: **FILED JANUARY 23, 2015**

Keith Brown ("Appellant") appeals from the judgment of sentence entered following his bench trial conviction for delivery or possession of a controlled substance with intent to deliver ("PWID")[1] and possession of a controlled substance.[2] We affirm.

_____

[1] 35 P.S. § 780-113(a)(30). Appellant refers to this conviction as being for PWID; the trial court refers to it as being for "delivery or possession with intent to deliver controlled substances"; the Docket refers to it as being for "manufacture, delivery, or possession of a controlled substance with intent to manufacture or deliver." **See generally** Appellant's Brief; **see also** Trial Court 1925(a) Opinion, p. 1; Philadelphia County Court of Common Pleas Docket No. CP-51-CR-0007458-2013, p. 3. While the facts of this matter comport more with a delivery of a controlled substance conviction than a PWID conviction, the distinction is immaterial as Section 780-113(a)(30) covers both crimes and the evidence presented was sufficient to convict Appellant of either, as discussed **infra**.

[2] 35 P.S. § 780-113(a)(16).

In its opinion, the trial court fully and correctly sets forth the relevant facts and procedural history of this case. *See* Trial Court Pa.R.A.P. 1925(a) opinion, September 23, 2014 ("1925(a) Opinion"), pp. 1-4. Therefore, we have no reason to restate them.

Appellant raises the following issues for our review:

> Was the evidence presented at trial sufficient as a matter of law to support the convictions for PWID and simple possession of a controlled substance?[3]

> Was the verdict against the weight of the evidence?

Appellant's Brief, p. 4.

When examining a challenge to the sufficiency of evidence, our standard of review is as follows:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in

_____

[3] This statement of the question involved mirrors Appellant's Pa.R.A.P. 1925(b) statement, which stated this issue as follows:

> The evidence was insufficient as a matter of law to convict [Appellant] of possession of a controlled substance and possession of a controlled substance with the intent to deliver.

1925(b) statement, p. 1. Ordinarily, an appellant waives a sufficiency of the evidence claim that fails to indicate with specificity which element of a crime the Commonwealth failed to prove. *See Commonwealth v. Garland*, 63 A.3d 339, 344 (Pa.Super.2013) ("In order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient."). However, because both the trial court and the Commonwealth fully addressed Appellant's sufficiency of the evidence claim on the merits, and because it is easily disposed of as meritless, we will review the claim.

the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [trier] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Hansley***, 24 A.3d 410, 416 (Pa.Super.2011), *appeal denied*, 32 A.3d 1275 (Pa.2011).

This Court's review of weight of the evidence claims is governed by the following standard:

A motion for new trial on the grounds that the verdict is contrary to the weight of the evidence, concedes that there is sufficient evidence to sustain the verdict. Thus, the trial court is under no obligation to view the evidence in the light most favorable to the verdict winner. An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. A trial judge must do more than reassess the credibility of the witnesses and allege that he would not have assented to the verdict if he were a juror. Trial judges, in reviewing a claim that the verdict is against the weight of the evidence do not sit as the thirteenth juror. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

*Commonwealth v. Widmer*, 744 A.2d 745, 751-52 (Pa.2000) (internal citations, quotations, and footnote omitted).

Stated differently, a court may award a new trial because the verdict is against the weight of the evidence only when the verdict is so contrary to the evidence as to shock one's sense of justice,[4] "such that right must be given another opportunity to prevail." *Commonwealth v. Goodwine*, 692 A.2d 233, 236 (Pa.Super.1997). Moreover, appellate review of a weight claim consists of a review of the trial court's exercise of discretion, not a review of the underlying question of whether the verdict is against the weight of the evidence. *Widmer*, 744 A.2d at 753. When reviewing the trial court's determination, this Court gives the gravest deference to the findings of the court below. We review the court's actions for an abuse of discretion. *Id.*

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Giovanni O.

---

[4] This Court has explained the notion of "shocking to one's sense of justice" as follows:

> When the figure of Justice totters on her pedestal, or when the jury's verdict, at the time of its rendition, causes the trial judge to lose his breath, temporarily, and causes him to almost fall from the bench, then it is truly shocking to the judicial conscience.

*Commonwealth v. Davidson*, 860 A.2d 575, 581 (Pa.Super.2004) (internal citations and quotations omitted).

Campbell, we conclude Appellant's issues merit no relief. The trial court opinion discusses and properly disposes of the questions presented. ***See*** 1925(a) Opinion, pp. 4-7 (finding: evidence Appellant engaged in three hand-to-hand transactions over the course of 15 minutes in which Appellant was seen to engage in brief conversations with individuals in the street and then receive United States currency in exchange for objects (unidentified in the first two exchanges, identified as crack cocaine in the third exchange) from the individuals, sufficient to support convictions for delivery or possession of a controlled substance with intent to deliver and possession of a controlled substance; and verdict was not against the weight of evidence presented). Accordingly, we affirm on the basis of the trial court's opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/23/2015